Citation Nr: 1629299 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 12-08 938 ) 
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for nerve damage to feet as secondary to the service-connected disability of degenerative joint disease of the left knee. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Charles A. Bates, Associate Counsel






INTRODUCTION

The Veteran served on active duty from March 1976 to March 1980. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran underwent a VA examination in February 2011 and received diagnoses of degenerative joint disease of the feet, bilateral flexible pes planus, and peripheral neuropathy of feet. See VA examination, 12 (Feb. 24, 2011) (VBMS). The examiner was specifically asked by the AOJ to not provide an etiology opinion. See Request for examination, 1 (Feb. 9, 2011) (VBMS) (stating that a medical opinion was not warranted due to evidence in Richmond VA treatment records attributing bilateral foot pain to a bilateral knee condition).

Treatment records from the Richmond VA reveal medical evidence attributing the Veteran's neuropathy to either frostbite, diabetes, or lumbar disc. See VA treatment records, 4 (Jan. 11, 2011) (VBMS). It appears there are no Richmond VA treatment records directly attributing bilateral foot pain to a bilateral knee condition. 

Once VA undertakes the effort to provide an examination, it must provide an adequate one. See Barr v. Nicholson, 21 Vet. App. 303 (2007). As the Veteran's prior VA examination did not provide an etiology opinion, further medical opinion on this claim is warranted. 



Accordingly, the case is REMANDED for the following action:

1. Return the record to the VA examiner who provided the February 2011 opinion for an addendum opinion regarding the Veteran's bilateral foot disability. If the February 2011 examiner is not available, the record should be provided to another medical professional so as to render the requested opinion. The need for additional examination of the Veteran is left to the discretion of the clinician selected to write the addendum opinion. 

Following a review of the record, the examiner should offer an opinion as to the following:

(a) Whether it is at least as likely as not (50 percent or higher degree of probability) that any bilateral foot disability is proximately due to, or caused by the Veteran's service-connected knee disability; and

(b) Whether it is at least as likely as not (50 percent or higher degree of probability) that any bilateral foot disability could have been aggravated by the Veteran's service-connected knee disability. For any aggravation found, the examiner should state, to the best of his or her ability, the baseline of symptomatology and the amount, quantified if possible, of aggravation beyond this baseline.

A detailed rationale for all opinions expressed should be provided. In proffering this opinion, the examiner should consider the Veteran's lay statements. 
 
2. Then, readjudicate the issue on appeal. 
The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).